UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20432-BECERRA/TORRES

8 U.S.C. § 1324(a)(1)(A)(v)(I)
18 U.S.C. § 1001(a)(2)
18 U.S.C. § 1015(e)
8 U.S.C. § 1325(a)
18 U.S.C. § 982(a)(6)

UNITED STATES OF AMERICA

v.

CAMILO CRUZ,

Defendant.
_____________________________________________/

FILED BY BM D.C.
Sep 30, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**INDICTMENT**

The Grand Jury charges that:

**COUNT 1**
**Conspiracy to Encourage and Induce Aliens to Enter the United States**
**(8 U.S.C. § 1324(a)(1)(A)(v)(I))**

From a date unknown to the Grand Jury, through on or about September 14, 2025, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**CAMILO CRUZ,**

did knowingly and willfully combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury to commit offenses against the United States, that is, to encourage and induce an alien to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence is and will be a violation of law, in violation of Title 8, United States Code, Section 1324(a)(l)(A)(iv); all in violation of Title 8, United States Code, Section 1324(a)(l)(A)(v)(I).

**COUNT 2**
**False Statement**
**(18 U.S.C. § 1001(a)(2))**

On or about September 14, 2025, in Miami-Dade County, in the Southern District of Florida, in a matter within the jurisdiction of the United States Coast Guard, an agency of the executive branch of the Government of the United States, the defendant,

**CAMILO CRUZ,**

did knowingly and willfully make a false, fictitious, and fraudulent statement and representation as to a material fact, in that the defendant represented to United States Coast Guard officials that his name was "E.L.O.," and that he was from Puerto Rico, when in truth and in fact, and as the defendant then and there well knew, his name was not "E.L.O." and he was not from Puerto Rico, in violation of Title 18, United States Code, Section 1001(a)(2).

**COUNT 3**
**False Claim of United States Citizenship to Obtain a State or Federal Benefit**
**(18 U.S.C. § 1015(e))**

On or about January 6, 2025, in Miami-Dade County, in the Southern District of Florida, the defendant,

**CAMILO CRUZ,**

an alien, did knowingly make a false statement and claim that he was a citizen of the United States, with the intent to obtain on behalf of himself a State benefit, in that the defendant presented a birth certificate from Puerto Rico and a United States social security card, as proof of his identity and citizenship, to induce and secure the issuance of a State of Florida Driver's License, in violation of Title 18, United States Code, Section 1015(e).

**COUNT 4**
**Improper Entry into the United States**
**(8 U.S.C. § 1325(a)(1))**

On or about September 14, 2025, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**CAMILO CRUZ,**

an alien, unlawfully entered and attempted to enter the United States at a time and place other than as designated by immigration officers, in violation of Title 8, United States Code, Section 1325(a)(1).

**FORFEITURE ALLEGATIONS**

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **CAMILO CRUZ**, has an interest.

2. Upon conviction of a violation of Title 8, United States Code, Section 1324, as alleged in this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6):

a. any conveyance, including any vessel, vehicle, or aircraft, used in the commission of such offense;

b. any property, real or personal, that constitutes, or is derived from, or is traceable to any proceeds obtained, directly or indirectly, from the commission of such offense; and

c. any property, real or personal, that was used to facilitate, or intended to be used to facilitate, the commission of such offense.

All pursuant to Title 18, United States Code, Section 982(a)(6), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

[redacted]

FOREPERSON

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

MELISSA ROCA SHAW
SPECIAL ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: 25-CR-20432-BECERRA/TORRES

v.

CAMILO CRUZ,

_______________________________/
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☑ Miami ☐ Key West ☐ FTP
☐ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish
4. This case will take 4 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

| (Check only one) | | (Check only one) |
|---|---|---|
| I | ☑ 0 to 5 days | ☐ Petty |
| II | ☐ 6 to 10 days | ☐ Minor |
| III | ☐ 11 to 20 days | ☐ Misdemeanor |
| IV | ☐ 21 to 60 days | ☑ Felony |
| V | ☐ 61 days and over | |

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge ____________ Case No. ____________
7. Has a complaint been filed in this matter? (Yes or No) Yes
   If yes, Judge Eduardo I. Sanchez Magistrate Case No. 25-MJ-03797
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge ____________ Case No. ____________
9. Defendant(s) in federal custody as of 9/17/25
10. Defendant(s) in state custody as of ____________
11. Rule 20 from the ________ District of ____________
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: ____________________
MELISSA ROCA SHAW
Special Assistant United States Attorney
FL Bar No. 99628

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: CAMILO CRUZ

**Case No**: ______________________

Count# 1:

Conspiracy to Encourage and Induce Aliens to Enter the United States

8 U.S.C. § 1324(a)(l)(A)(v)(I)

* **Max. Term of Imprisonment:** Ten (10) years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:** $250,000.00

Count# 2:

False Statement

8 U.S.C. § 1001(a)(2)

* **Max. Term of Imprisonment:** Five (5) years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:** $250,000.00

Count# 3:

False Claim of United States Citizenship to Obtain a State or Federal Benefit

18 U.S.C. § 1015(e)

* **Max. Term of Imprisonment:** Five (5) years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release**: Three (3) years
* **Max. Fine:** $250,000.00

***Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Count# 4:

Improper Entry into the United States

8 U.S.C. § 1325(a)(1)

* **Max. Term of Imprisonment:** Six (6) months
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** One (1) year
* **Max. Fine:** $5,000.00

---

***Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**