**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-20432-BECERRA**

**UNITED STATES OF AMERICA**

**v.**

**CAMILO CRUZ,**

**Defendant.**

______________________________/

## FACTUAL PROFFER

The United States and the Defendant, Camilo Cruz ("CRUZ"), stipulate that if this case were to proceed to trial, the United States would prove the following facts, among others, beyond a reasonable doubt:

CRUZ is not a citizen of the United States. CRUZ is a citizen and national of the Dominican Republic, who does not have legal status in the United States. On or about September 14, 2025, at around 8:00AM, CRUZ operated a thirty-one-foot white Stamas vessel bearing Florida registration number FL4030TG, out of Pelican Harbor, Florida with no one else on board. CRUZ drove the vessel and picked up Dariel Perez Cespedes. Subsequently, approximately thirteen (13) illegal aliens boarded the vessel in the Bahamas. Perez Cespedes operated the vessel while the illegal aliens were onboard.

United States Coast Guard (USCG) law enforcement interdicted a vessel travelling within the territorial waters of the United States, approximately 1/8th of a mile west of the entrance to the Miami River. The USCG law enforcement vessel illuminated its law enforcement lights and signaled for the vessel to heave to. Visible at the helm, was Perez Cespedes, who was operating the vessel. USCG law enforcement officers boarded the vessel and conducted a safety inspection.

Perez Cespedes initially stated that the people onboard were "his friends" and that he had operated the vessel in waters in and around Miami, Florida, for the entire day. Law enforcement asked Perez Cespedes how many people were onboard the vessel and he claimed there were a total of nine (9) persons onboard. Law enforcement found an additional six (6) persons hiding in a small sleeper space located below the helm in the cuddy cabin.

When CRUZ was approached by a USCG law enforcement officer for identification, CRUZ gave a Florida issued driver's license with the name "E.L.O." and his picture. CRUZ had previously obtained identification documents from Puerto Rico and applied for a Florida driver's license. He renewed this driver's license multiple times, with the last time being at a DMV location in Miami-Dade County on January 6, 2025, where he presented a birth certificate from Puerto Rico and a United States social security card, as proof of his identity and citizenship. CRUZ told the USCG law enforcement officer that he was from Puerto Rico and lived in Miami for some time.

In a post-*miranda* statement, CRUZ admitted that the boat belonged to Jordan Peguero, who CRUZ met with at a hotel on or about on September 11, 2025, to discuss if CRUZ knew of anyone who would be willing to take a trip to bring over illegal aliens to the United States from the Bahamas. CRUZ knew Peguero owned the boat because CRUZ was there when Peguero bought the boat. CRUZ also admitted that Peguero must have gotten in contact with Perez Cespedes to charter the trip to bring over the illegal aliens.

CRUZ further admitted he received identification documents from a U.S. citizen who was born in Puerto Rico, so that CRUZ could obtain a Florida Driver's License and work in the United States legally.

The United States and CRUZ agree that these facts, which do not include all of the facts known to the United States and to CRUZ, are sufficient to prove CRUZ committed the crimes of

Conspiracy to Encourage and Induce Aliens to Enter the United States, and False Claim of United States Citizenship to Obtain a State or Federal Benefit.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 1/26/26

By: MELISSA ROCA SHAW
SPECIAL ASSISTANT UNITED STATES ATTORNEY

Date: 1/5/26

By: BRIAN KIRLEW
ATTORNEY FOR DEFENDANT

Date: 1/5/26

CAMILO CRUZ
DEFENDANT