UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

Plaintiff,

vs. CASE NO. 25-CR-20432-JB

CAMILO CRUZ,

Defendant.
______________________________/

## SENTENCING MEMORANDUM

By and through the undersigned counsel, CAMILO CRUZ, the Defendant, also referred to as "CAMILO", or "Mr. CRUZ", hereby files this Sentencing Memorandum and Motion for a downward variance of the guideline range pursuant to 18 U.S.C. § 3553(a).

## SUMMARY OF THE SENTENCING ARGUMENT

This Court should grant Mr. Cruz a downward departure pursuant to 18 U.S.C. § 3553(a) for the reasons that follow.

- **Mr. Cruz accepted responsibility and pled to the Information, sparing the Government the burden of empaneling a grand jury and the expense of a jury trial.**
- **Mr. Cruz comes from a close-knit family in the Dominican Republic that eagerly awaits his return home.**
- **Mr. Cruz cooperated with the Government and submitted to a debriefing.**
- **Mr. Cruz is a zero-point offender with no prior criminal history.**
- **Defendants convicted of comparable offenses between FY2020 and FY2024 received an average sentence of 10 months and a median sentence of 8 months.**
- **Mr. Cruz is not a U.S. national and will be deported upon completion of his sentence; further incarceration serves no legitimate deterrent purpose.**

## I. GUIDELINE CALCULATIONS

The Guideline calculations set forth in the PSR are incorrectly stated. The defense respectfully objects to paragraph 48 and the corresponding two-level enhancement for possession of a dangerous weapon. Probation argues in [D.E. 41-1] that relevant conduct under §1B1.3 supports the enhancement. In substance, Probation's position is that even though the record contains no evidence Mr. Cruz knew of, possessed, or had any connection to the firearm, the mere presence of the weapon aboard the vessel at the time of interdiction was a reasonably foreseeable act in furtherance of a jointly undertaken criminal activity—namely, the unlawful smuggling of undocumented aliens.

That position cannot be squared with the Guidelines. The possession of a firearm is neither necessary to, nor reasonably foreseeable in, the smuggling of undocumented aliens. What is foreseeable in such an enterprise is far more pedestrian: a GPS device, a vessel of some kind, a flare gun for emergencies, life jackets, and—regrettably—efforts to evade law enforcement or destroy evidence. A firearm is not. Section 1B1.3 is unambiguous in limiting accountability to conduct that is reasonably foreseeable in connection with the jointly undertaken activity, and neither Probation nor the Government has come forward with any evidence to close the foreseeability gap here.

## II. CAMILO CRUZ'S PERSONAL HISTORY, CHARACTERISTICS, AND SUPPORTIVE FAMILY

Camilo Cruz was born in San Francisco de Macorís, Dominican Republic, on June 18, 1959. He is 66 years old. He is one of ten children, and his life can fairly be described as one of quiet perseverance. He has shared the last 31 years with the same partner and is the proud father of two adult daughters and grandfather to two grandchildren. His family resides in Santo Domingo and is the steady center of his world.



Camilo and his wife, Elizabeth Marteo



Camilo's grandchildren Yerden & Alia

At the age of 12, Mr. Cruz left school to work and help support his family. [D.E. 44 at 24, p. 89]. He has never indulged in self-pity over the opportunities he was never afforded; he has, instead, met each day with the bootstrap mentality of a man accustomed to earning whatever he has. Mr. Cruz has never held legal status in the United States and is subject to an ICE detainer and removal proceedings upon completion of his sentence. [D.E. 44 at 25, p. 81]. Even so, he worked in this country for ten years. *Id.* at p. 92–95. He held jobs in New York, Miami, Rhode Island, and Boston—as an Uber driver, a valet attendant, and an assistant at a mechanic's shop. *Id.* In all those years, he was never arrested or in trouble. He has no prior convictions of any kind. *Id.* at 22–23, p. 68–73. He is a zero-point offender. *Id.* at 22, p. 69.

## III. MOTION FOR DOWNWARD DEPARTURE AND DOWNWARD VARIANCE

The factors enumerated in 18 U.S.C. § 3553(a) should guide the Court in

fashioning a just sentence for Mr. Cruz. The Sentencing Reform Act, as construed in *United States v. Booker*, 125 S. Ct. 738 (2005), rendered the once-mandatory guidelines advisory. Although the Court must consider the guideline range, it is free to tailor the sentence in light of the broader statutory considerations. *Id.* Section 3553(a) commands the Court to "impose a sentence sufficient, but not greater than necessary," to satisfy the purposes of sentencing. That command requires an individualized assessment of Mr. Cruz. In undertaking that assessment, the Court is respectfully asked to weigh the nature and circumstances of the offense, the appropriate level of punishment, the need for deterrence, Mr. Cruz's health and personal circumstances, the advisory guideline range, and—most importantly here—the need to avoid unwarranted sentencing disparities.

## IV. BOOKER FACTORS

### A. Nature and Circumstances of the Offense

On September 14, 2025, Mr. Cruz, a Dominican national, was apprehended as part of a group that attempted to enter the United States illegally from the Bahamas. He admitted the factual allegations and entered a guilty plea. He does not contest the allegations contained in the Indictment; he contests only the firearm enhancement urged by Probation. There is nothing about the circumstances of this offense that calls for enhanced treatment. None of the passengers aboard the vessel was there against his or her will. There is no evidence that any passenger was mistreated, coerced, or trafficked in any manner.

### B. Appropriate Punishment

Mr. Cruz has been in continuous custody since September 17, 2025. He will turn 67 within weeks of sentencing. By the time he is sentenced, he will have served nearly eight months in custody. He is a zero-point offender. The case involves no violence and no harm to any individual. The advisory guideline range is 12 to 18 months, even with the two-level probation enhancement accepted. Without that enhancement, the guideline range is 8 to 14 months. Against that backdrop, a sentence of time served sits comfortably

within the policy considerations of the Sentencing Commission and is sufficient—but not greater than necessary—to satisfy the purposes of § 3553(a). Any sentence beyond eight months would add nothing to deterrence, public safety, or respect for the law.

C. The Guidelines Range

The 12-to-18-month range presupposes that the Court will overrule the defense's objection to the two-level enhancement under §1B1.3. Should the Court sustain that objection, the range becomes 8 to 14 months. The defense respectfully requests the low end of the range at a total offense level of 11. Probation, by contrast, recommends the low end at a total offense level of 13. Even if the Court were to overrule the objection, the defense's request for a sentence of time served—nearly eight months of incarceration—remains reasonable and faithful to the principles articulated in *Booker*.

D. The Need to Avoid Unwarranted Sentencing Disparities

This factor is the most consequential of the *Booker* considerations as applied to Mr. Cruz. Between FY2020 and FY2024, 2,231 defendants were sentenced for similar offenses. [D.E. 44 at 38, p. 118]. The data examines defendants with a final offense level of 13, a criminal history category of I, and who did not receive a substantial assistance departure. *Id.* Even accepting Probation's calculation and setting the defense's §1B1.3 objection to one side, the average sentence imposed on the 1,192 similarly situated defendants within that population was 10 months, with a median of 8 months. *Id.* at 38, p. 118. There is nothing about Mr. Cruz, and nothing about the conduct underlying his conviction, that distinguishes him from the two thousand-plus defendants who stood before this Court—and others like it—and received a sentence in that range. He is entitled to the same treatment as those similarly situated defendants.

## VII. REQUESTED SENTENCE

Based upon the foregoing facts and arguments, pursuant to § 3553(a) factors,

the undersigned requests that a sentence below the statutory guidelines of credit for time, be followed by a period of supervised release.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on or before May 1, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day via the Notice of Electronic Filing transmission generated by CM.ECF to: Melissa Roca Shaw, AUSA, Federal Justice Building, 99 N.E. Fourth Street, Miami, Florida 33132-2111.

Respectfully Submitted,

**The Kirlew Law Firm, PLLC**
2103 Coral Way | Suite 401
Miami, FL 33145
Email: brian@kirlewlawfirm.com
Tel: 305.521.0484 | Fax: 305.330.5436

By:________________________

Brian Kirlew, Esq.
FL Bar No.: 0067218